UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOMELI GOMEZ ROBLES,<br><br>Petitioner,<br><br>v.<br><br>NEIL MCDOWELL,<br><br>Respondent. | Case No. 23-cv-04405-JST<br><br>**ORDER TO SHOW CAUSE**<br>Re: ECF No. 2 |

Petitioner, an inmate at Ironwood State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2019 conviction from Santa Clara County Superior Court. ECF No. 1. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. ECF No. 3.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Order to Show Cause**

On April 24, 2019, Petitioner was sentenced in Santa Clara County Superior Court to a term of 125 years to life, plus 59 years and 8 months, consisting of two consecutive terms of 25

1  years to life for two counts of sexual intercourse or sodomy with a child under age 10 (Cal. Penal
2  Code § 288.7(a)), two consecutive terms of 15 years to life for two counts of oral
3  copulation/sexual penetration with a child under age 10 (Cal. Penal Code § 288.7(b)), three
4  consecutive terms of 15 years to life for three counts of aggravated sexual assault on a child under
5  age 14 (Cal. Penal Code § 269(a)), seven consecutive terms of eight years for the forcible lewd act
6  convictions (Cal. Penal Code § 288(b)), one consecutive three year term for one lewd act
7  conviction on a child age 14-15 (Cal. Penal Code § 288(c)(1)), and a consecutive term for a
8  separate lewd act conviction (Cal. Penal Code § 288(c)(1)).  ECF No. 1-3 at 9-10.

The state appellate court affirmed the conviction, and the California Supreme Court denied review.  ECF No. 1 at 2-3.

The petition alleges the following claims for federal habeas relief:  (1) the state court erred in admitting the victim's police interview in its entirety; (2) the state court erred in admitting the expert testimony on Child Sexual Abuse Accommodation Syndrome; (3) the state court erred in admitting Maria Medina's condition examination transcript; (4) the state court erred in admitting pictures of the victim at different ages; and (5) cumulative error.  *See* ECF No. 1 at 6-10; ECF No. 1-3.  Liberally construed, the petition states cognizable claims for federal habeas relief, and merits an answer from Respondent.  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.  The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address:  SFAWTParalegals@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The Clerk shall serve by mail a copy of this order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why a writ of habeas corpus should not be granted

based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, she shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3.  Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2255 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: September 20, 2023

_____
JON S. TIGAR
United States District Judge