UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOMELI GOMEZ ROBLES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID HOLBROOK,<br><br>　　　　　Respondent. | Case No. 23-cv-04405-JST<br><br>**ORDER TO SHOW CAUSE** |

　　　　Petitioner Lomeli Gomez Robles, an inmate at Ironwood State Prison,[1] in Blythe, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from Santa Clara County Superior Court. The Court ORDERS Respondent to show cause why a writ of habeas corpus should not be granted based on the claim identified below.

**DISCUSSION**

**A.　　Standard of Review**

　　　　This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.　　Background**

　　　　On April 24, 2019, Petitioner was sentenced in Santa Clara County Superior Court to a

---

[1] In accordance with Habeas Rule 2(a) and Fed. R. Civ. P. 25(d)(1), the Clerk is directed to substitute Warden David Holbrook as respondent because he is Petitioner's current custodian.

1  term of 125 years to life, plus 59 years and 8 months, consisting of two consecutive terms of 25
2  years to life for two counts of sexual intercourse or sodomy with a child under age 10 (Cal. Penal
3  Code § 288.7(a)), two consecutive terms of 15 years to life for two counts of oral
4  copulation/sexual penetration with a child under age 10 (Cal. Penal Code § 288.7(b)), three
5  consecutive terms of 15 years to life for three counts of aggravated sexual assault on a child under
6  age 14 (Cal. Penal Code § 269(a)), seven consecutive terms of eight years for the forcible lewd act
7  convictions (Cal. Penal Code § 288(b)), one consecutive three year term for one lewd act
8  conviction on a child age 14-15 (Cal. Penal Code § 288(c)(1)), and a consecutive term for a
9  separate lewd act conviction (Cal. Penal Code § 288(c)(1)).  ECF No. 1-3 at 9-10.

10  The state appellate court affirmed the conviction, and the California Supreme Court denied
11  review.  ECF No. 1 at 2-3.

12  The petition alleges the following claims for federal habeas relief:  (1) the state court erred
13  in admitting the victim's police interview in its entirety; (2) the state court erred in admitting expert
14  testimony on Child Sexual Abuse Accommodation Syndrome; (3) the state court erred in admitting
15  Maria Medina's condition examination transcript; (4) the state court erred in admitting pictures of
16  the victim at different ages; and (5) cumulative error.  *See* ECF No. 1 at 6-10; ECF No. 1-3.

17  On September 4, 2024, the Court granted Respondent's motion to dismiss Claims Nos. 1
18  and 4 for lack of federal habeas jurisdiction, and to dismiss Claim No. 3 as unexhausted.  ECF No.
19  3.  The Court ordered Petitioner to inform the Court by October 2, 2024, whether he wished to
20  proceed on his unexhausted claim, Claim No. 2; or dismiss this action and return to state court to
21  exhaust all his claims before returning to federal court to present all of his claims in a new petition;
22  or move for a stay of these proceedings while he exhausts his state court remedies for the
23  unexhausted claim, Claim No. 3.  *Id.*  The Court informed Petitioner that failure to choose one of
24  these three options or file a motion by the deadline would result in this action proceeding solely on
25  the exhausted claim.  The deadline has passed, and Petitioner has not communicated with the
26  Court.  Accordingly, this action will proceed solely on the exhausted claim.

27  Liberally construed, the petition's claim that the state court erred in admitting the expert
28  testimony on Child Sexual Abuse Accommodation Syndrome states a cognizable claim for federal

2

habeas relief, and merits an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

2. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

3. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: February 10, 2025



JON S. TIGAR
United States District Judge

3